Cowart *v.* Cowart.

FANNIE D. COWART *v.* THOMAS COWART *et al.*

FERRY BOAT.  *Not a fixture of the realty, though connected to land by a chain. Lien for purchase money lost by destruction.*  A ferry boat with chain and buoys, etc., is not a fixture of the realty, although the chain by which it is run is fastened to the boat and to an island in the river—and hence a registered lien for purchase money is lost as to such property, by their destruction, and does not extend to a new boat and appurtenances substituted in place of the one destroyed or worn out.

FROM HAMILTON.

Appeal from the Chancery Court at Chattanooga. W. M. BRADFORD, Ch.

E. M. DODSON, for complainant.

M. H. CLIFT for defendants.

McFARLAND, J., delivered the opinion of the court.

Fannie D. Cowart, by deed duly executed and registered, sold and conveyed to Thomas Cowart as follows: "All the right, privileges and franchises I have in and to the ferry boat, buoys, chain and machinery now in use at what is known as the Swing Ferry and franchise at Chattanooga, Hamilton county, Tennessee, but I retain a lien on said property till said one thousand dollars" (the consideration) "are paid; as a further consideration for said sale I am to have my ferriage at said ferry free of charge. I also sell and convey to said Cowart all the right I have to fasten the rope by which said swing boat is run to the island in Tennessee river, known as Chattanooga Island."

The date of the deed and its registration was the 12th of October, 1874. On the 24th November, 1877, Allen & Paine, who had obtained judgment against said Thomas Cowart before a justice of the peace, caused execution to be issued thereon, which was levied as follows: "On the interest of Thomas Cowart in and to the Swing Ferry Co., consisting of boat, buoys, chain, rope and all other fixtures thereto attached."

Whereupon, Fannie D. Cowart filed this bill to enjoin further proceeding under said execution and en

force her lien by sale of the property for the unpaid purchase money due her.

The answer of Allen & Paine sets up, and the proof shows, that the boat, buoys, chain and fixtures, which were in use at the time of the sale from Fannie D. to Thomas Cowart, had worn out and from time to time had been replaced by others of a similar character, (except a part of the old chain), before the levy under Allen & Paine's execution, and they claim that their levy was upon the interest of Thomas Cowart in said boats, buoys, chains, etc., as chattels, and they were not the same chattels conveyed by Fannie D. Cowart and upon which her lien was retained. The new boat and fixtures were substituted in the place of the old ones from time to time and used in the same way. The boat was run by means of a chain supported by buoys, and fastened upon Chattanooga Island, above the ferry. The interest claimed by Fannie D. Cowart and sold to Thomas Cowart was a half interest, and worth, including the franchise, etc., about one thousand dollars, while her half of the boat, buoys, chains, etc., as chattels was worth about $150, according to the proof.

We think it may be safely assumed that Fannie D. Cowart undertook to convey by her deed, not simply an interest in the boats, buoys, chain, etc., as *chattels*, but also a right or easement in the banks and the island, to maintain and run a ferry, under a proper license from the County Court; and upon the property and rights thus conveyed, her lien was properly retained and valid. If the boat, buoys and chain,

etc., were in the nature of fixtures to realty, a part
of the ferry franchise, then changing these fixtures by
substituting new ones as the old ones were worn out,
would not destroy their character, and they would still
remain part of the easement or franchise sold and con-
veyed.

If, however, these articles were merely chattels, then
the lien would be lost with their destruction, and would
not extend to new ones substituted in their place.
In this latter view the levy of the execution of Allen
& Paine upon the new boat and appurtenances would
constitute a superior lien, provided the levy of their
execution was upon these articles *as chattels.* The levy,
as we have seen, was "on the interest of Thomas
Cowart in the Swing Ferry Co., consisting of boats,
buoys, chain rope and all other fixtures thereto attached."
We do not understand this levy to embrace any in-
terest of Cowart in the banks of the river or island,
or his right to maintain a ferry, but simply the arti-
cles as personal property, and the levy was sufficient
to fix a lien upon these chattels as such, provided
they were subject to the levy. So that the question
to be decided is, whether the boat, buoys, etc., were
attached to the easement in the banks or ferry fran-
chise, or were they merely personal property? The
general subject of fixtures is one upon which much
has been written, but the direct question whether the
boat and appurtenances of a ferry are fixtures of the
ferry franchise does not seem to have been decided, so
far as we can find. The general rule in cases where
it is doubtful whether erections upon the realty become

part thereof, is to look to the purpose for which the erection is made; that is, whether or not it was the intention that the erections should constitute a permanent improvement of the realty. Jones on Mort., sec. 429; *McDaniel* v. *Wood*, 5 Heis., 95.

There is an exception as to fixtures for the purpose of trade or manufactures.

The weight of authority seems to be, that rolling stock of a railroad is personalty—although there is conflict—and a mortgage of the road will not hold after acquired rolling stock, unless apt words be used for that special purpose. See Lacy's Digest R. R. Decisions, title, Mortgage. See Jones on Mortgages, sec. 452. It seems that an ordinary ferry boat could not be regarded as a fixture, as for instance a steam ferry boat or an ordinary flat boat—such boats are often removed and used elsewhere and for other purposes. This only differs in the fact that the rope or chain by which it is run is fastened to the boat and to an island, but the degree of strength or force with which it is fastened is generally the less important part of the criterion. Jones on Mort., sec. 429. It is true that the boats and appurtenances were probably placed at the ferry with the intention that they should not be removed, but the same might be said in many instances in regard to property strictly personal. They were not placed there as a permanent improvement of the ferry property. We conclude that the boat, buoys, chain, etc., were not fixtures, and although the complainant retained a valid lien on the articles sold, as they have been destroyed, the new

-ones substituted in their place are not subject to her lien.

The complainant's bill was properly filed for the enforcement of her lien against the ferry rights sold, but the rights of the defendants, Allen & Pierce, under ·the levy of their execution, are superior as to the half of Thomas Cowart in the boat, buoys, rope or chain, etc., as personal property; and, it appearing that since the filing of the bill and injunction, complainant has sold and disposed of these articles, the decree of the Chancellor will be modified so as to hold complainant and her sureties on the injunction and attachment bond liable to the defendants, Allen & Paine, for the value of Thomas Cowart's interest in the property so levied upon by them, which will be ascertained by a reference to the master.

In other respects the decree will be affirmed. Complainant will pay the costs of this court and of the ·court below as to defendants Allen & Paine.